UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TARA LEIGH PATRICK, et al., )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br> )<br>D. & B. CORP., et.al., )<br>    Defendants. ) | Civil No. 19-11445-LTS |

## RESPONSE TO PLAINTIFFS' REQUEST FOR SANCTIONS

The defendants respond as follows:

1.  It appears that much of what the Plaintiffs' alleged factually is accurate. Defendants' Rule 26 Disclosure filed on January 14, 2020 did direct the Plaintiffs to Defendants Insurance broker, Plaintiffs did complain that they wanted a copy of the insurance agreement, and did make clear that they would not appear for depositions until discovery was produced.  On January 17, 2020, Mr. Sultan wrote to the insurance broker, Mr. Howlett asking for a summary of all insurance policies which might cover civil liability.  Mr. Howlett responded, "This was the policy that was in place during the incident. Policies have remained continuously effective since that date," and attached the policy.  Mr. Sultan, who never represented that he was an attorney, provided an updated Rule 26 Disclosure (under the signature line of Attorney Apostle) on January 24, 2020. The next day, the Plaintiffs asked for a copy of the insurance agreement (Sedgwick) and on January 29, 2020 Mr. Sultan sent it to them via email (the policy he received from the insurance broker). See Plaintiffs' Exhibit B (to its letter dated June 1, 2020).  Mr. Sultan explained in that email he was recovering from mono.

2.  Thereafter, the defendants filed a written response to Plaintiffs' first document requests and first interrogatories.  The written response was prepared by Gabriel Sultan and after review by Attorney Apostle was emailed to the Plaintiffs on the date of February 20, 2020. A copy is attached hereto and marked Exhibit One.  The pleading, which is far from perfect, does not include the designation that it was made under the pains and penalties of perjury and does not answer each document request by paragraph. It does however, make general objections to the document requests and does assert that the documents will be made available for inspection at the Defendants' offices or in the alternative copies would be provided.

3.  There followed no timely complaints by Plaintiffs in respect to this imperfect response.  Instead, Plaintiffs' focus turned to the insurance issue. See Plaintiffs' Exhibit F. This, of course, is at the heart of the matter for Plaintiffs.  Mr. Sultan was forwarded from Attorney Apostle an acknowledgement of assignment from Sedgwick on or about March 15, 2020 with the name of the adjuster.  Mr. Sultan truthfully conveyed to Plaintiffs what

he learned from the insurance carrier's representative, and personally believed, based on the representations made to him by the carrier, that the carrier admitted the Plaintiffs' suit was covered.  Mr. Sultan reiterated the need for a coverage position letter in an email dated April 15, 2020 to Sedgwick.  In Plaintiffs' April 15, 2020 status letter to this Court, see Dkt. 20, Plaintiffs said in part: "Though Plaintiffs have interposed discovery demands (to which Defendants have responded) additional discovery has not occurred while Defendants were waiting for a response from Sedgwick on its coverage position. Sedgwick has not yet informed Defendants' current counsel whether it intends to retain it or hire new defense counsel."

4.      Defendants' dropped the ball on the documents.  Apparently, Attorney Apostle thought it was Gabriel Sultan's responsibility and Gabriel Sultan thought it was Attorney Apostle's responsibility.  The status letter filed by Plaintiffs on April 15, 2020 did not alert either Sultan or Apostle of their mistake.  In addition, my office was seriously disrupted by the Covid-19 pandemic; the physical office was closed and Attorneys Apostle and Sheketoff were in different parts of Florida and Gabriel Sultan was in California.

5.      Defendants assert that but for Attorney Apostle's claim, apparently made in the status conference, that the insurance company had denied coverage, there would have been no request for sanctions.  Attorney Apostle apparently confused the Watford declination with Sedgwick.  As the Plaintiffs state in their June 1, 2020 letter, the Watford policy provided no coverage during the relevant time period.

6       The Defendants do not control Sedgwick.  There apparently is coverage by Sedgwick.  Defendants' counsel has reached out to Sedgwick's designated agent as recently as today.  The defendants have gained no strategic advantage, and had no strategic plan to frustrate the Plaintiffs.  Attorney Apostle's desire to depose one of the Plaintiffs is understandable, but he has known since early in this litigation that Plaintiffs would not agree to depositions until the discovery was forthcoming.  He obviously, but wrongly, believed it was.  There is no smoking gun in the documents that were mistakenly not produced.

                                        Respectfully submitted,
                                        By their attorney,

                                        /s/ Robert Sheketoff
                                        Robert Sheketoff
                                        BBO# 457340
                                        One McKinley Square
                                        Boston, MA 02119
                                        (617)-367-3449

## CERTIFICATE OF SERVICE

I hereby certify that I am counsel for the defendants and have caused a copy of

this pleading to be served electronically through the ECF system to all parties herein this 8th day of June, 2020.

                                                /s/ Robert Sheketoff
                                                Robert Sheketoff