UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TARA LEIGH PATRICK, et al.,           )<br>    Plaintiffs,                                  )<br>                                                       )<br>v.                                                    )<br>                                                       )<br>                                                       )<br>D. & B. CORP., et.al.,                    )<br>    Defendants.                             ) | Civil No. 19-11445-LTS |

### ROBERT SHEKETOFF'S AFFIDAVIT IN SUPPORT OF RESPONSE TO PLAINTIFFS' REQUEST FOR SANCTIONS

Robert Sheketoff, being duly sworn, deposes and states as follows:

1. I am a member of this Bar and have been so since approximately 1976. I am primarily a criminal lawyer but on occasion I do civil work, usually when that civil work is closely connected to a criminal matter.

2. Attorney Carlos Apostle began working in my office approximately three years ago, right after he was sworn in to the Massachusetts bar, initially as a volunteer who was interested in following around a criminal lawyer and eventually as, in my view, an independent contractor. He was not paid a salary, but would be paid a portion of any fee for a case he brought in and worked on that needed me to be the primary lawyer; and, who could bring in his own business and keep the fee.

3. He was able to bring in a number of big civil cases and other civil matters and criminal cases. Most of the larger tort cases were referred to other counsel, but he would work on them too. He did raise with me the idea that he wanted to represent Mr. Depesa in this civil action. Although I saw it as his case, I was aware that I had ultimate responsibility for it. I did make it clear to him that I would do the depositions and trial if he wanted me to, because I was so much more experienced than he was. I did not bill for this case and was not personally involved with it, although I was available to answer questions and so were other lawyers in the civil firm we share space with. I do remember Attorney Apostle asking me about plaintiffs' counsel position that he was unwilling to produce plaintiffs for depositions because discovery requests had not been answered yet. I informed Attorney Apostle that he should provide the discovery requested. After reviewing the pleadings and emails available to me for the purpose of writing this Affidavit, I believe this conversation took place in January of this year. I was also aware from Attorney Apostle that Gabriel Sultan was working with him as a paralegal on the Depesa case and that he was billing for Mr. Sultan's work, and paying Mr. Sultan. Although Mr. Sultan was only a senior at Brandeis University, I knew that he was very talented. He was smart, could do actual legal research as if he had been to law school,

and he was very responsible.  He had clerked for me during the summer of 2019 and had been working on and off at my office since then.

4.  During the pendency of this civil suit, until the time in May following the last status conference, I was not noticed on any pleading filed with the Court, nor on any email or letter written by the plaintiffs.  I did not know that the discovery process had gone awry.

5.  On December 11, 2019, I began a serious rape trial in Suffolk Superior Court.  Attorney Apostle second seated me and Mr. Sultan worked on the case.  On December 19, 2019 the trial ended with a verdict.  I had been in agonizing back pain during the trial, and the trial judge had permitted me to stand during the trial, since sitting was a serious problem.  The next day I flew to Florida to be with my wife for a vacation.  I spent the vacation in agony and when I returned to Boston in early January I had two MRIs.  The diagnosis was a ruptured disc and the treatment was a cortisone shot in my back which gave me almost complete relief.  In February of 2020 I began in earnest preparing for a double homicide trial in Suffolk Superior Court.  On February 21, 2020 I began motion hearings and then the trial in Suffolk Superior Court.  Attorney Apostle second seated me and Mr. Sultan worked on the case.  The trial ended with a verdict on Thursday, March 12, 2020.  By Friday night I was very sick with what I believed at the time was a bad cold.  I was sick for a little over three weeks.  By that time pandemic awareness was in full swing and I began working from home.  During this time period, Attorney Apostle told me that he had been sick too, for a shorter duration, but with worse symptoms.  While I was ill, Attorney Apostle did most of the client contact and did most of the "emergency" court appearances by phone conference for my practice and his.

6.  In my view, Attorney Apostle was simply overwhelmed during this period of time.  Our relationship soured.  The office was not physically open.  I knew Mr. Sultan had gone to California and that Attorney Apostle had gone to Miami.  I was not aware that the relationship between Attorney Apostle and Mr. Sultan had also soured and did not know Attorney Apostle "fired" Mr. Sultan, until Mr. Sultan disclosed it to me in an email on May 30, 2020.  Attorney Apostle either quit and/or our professional relationship was terminated by me on June 4, 2020.

7.  It is my belief that Attorney Apostle actually believed that Mr. Sultan provided the documents requested and that Mr. Sultan believed that Attorney Apostle had done so.  In looking at the pleadings filed with this Court, Plaintiffs' letter of April 15, 2020 would lead me to believe that there was no real discovery dispute at that time.  I believe that Attorney Apostle thought that the declination letter by the Watford insurance company was a declination letter from the only insurance company Mr. Sultan ever knew about, Sedgewick.  I believe he confused the company names.  I do not have access to Attorney Apostle's file or his emails.  I can only reach him by email.  In response to my request for information, he informed me that Mr. Sultan was at fault.

7.  It is my belief that the one and only relevant insurance policy, and the only one that Mr. Sultan ever knew about after communicating with Mr. Depesa's agent, was produced to the Plaintiffs, by their own admission, on January 29, 2020.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 8TH DAY OF JUNE, 2020.

                                            /s/ Robert Sheketoff
                                            Robert Sheketoff